<div style="margin-left: 2em">ERWIN<br>
*v.*<br>
COMMERCIAL<br>
AND RAILROAD<br>
BANK.</div>

It is therefore ordered that the judgment of the District Court be reversed, and that the plaintiff's action be dismissed as in case of non-suit; the appellant paying the costs of both courts.

---

## UNION BANK OF MISSISSIPPI *v.* ELLIS et al.

Parol proof of a fact of which written evidence must exist, as of a mortgage, is inadmissible.

APPEAL from the District Court of Carroll, *Curry*, J. *Browder*, for the appellants. *Prentiss* and *Finney*, for the defendants. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action against *Turner R. Miller* and *Armstrong Ellis*, on two promissory notes, which they signed as sureties, with *Andrew Ellis* as principal, for $4,000 each, in Jackson, in the State of Mississippi. There was judgment for the defendants, and the plaintiffs have appealed.

The defendant *Miller* admitted that he signed the notes, but alleged in his answer that the consideration for which they were given had entirely failed. The notes were payable to the *Mississippi Union Bank*, and were not negotiable. The plaintiffs, on the trial of the cause, objected to the admission of parol evidence offered by *Miller* to prove the existence of an encumbrance on the property for which the notes were given, to wit, an outstanding mortgage. As the evidence of that fact must exist in writing, we think the parol evidence ought not to have been received. Other evidence of the same sort was also admitted, which ought to have been excluded; and the indefinite character of the whole renders it not safe for us to determine as to the rights of the parties plaintiff, and one of the defendants, *Miller*. As the evidence stands, we think the genuiness of the signature of *Armstrong Ellis* is disproved. If it has been forged, the effect of the forgery upon the obligation of *Miller*, will remain to be examined hereafter.

The judgment appealed from in favor of *Armstrong Ellis*, is affirmed: that in favor of *Miller*, is reversed; and the cause so far as relates to him, remanded for a new trial; the plaintiff and *Miller*, each, paying one-half the costs of this appeal.

---

## PERRY *v.* THOMPSON.

A due bill executed by a married woman, without the authorization of her husband, will not be binding on her, where the consideration for which it was given is not shown to have inured to her benefit.

APPEAL from the District Court of Carroll, *Curry*, J. *Stacy* and *Sparrow*, for the appellant. *Bemiss* and *Thomas*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff is the holder, by transfer long after maturity, of a due bill signed by the defendant, a married woman, without the authorization

of her husband. Under the evidence, we are not satisfied that the defendant received for the note, such a consideration inuring to her benefit, as would authorize us to hold her bound by this contract.